RAYMOND I. LYON, Jr., AND ALICE LYON, HIS WIFE, GEORGE RAPP, DOROTHY ENGLISH, AN INFANT, BY HER NEXT FRIEND, WILLIAM ENGLISH, AND WILLIAM ENGLISH, PLAINTIFFS-APPELLEES, v. MAX FABRICANT AND JOSEPH PURPIS, DEFENDANTS-APPELLANTS.

Submitted October term, 1933—Decided December 19, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the plaintiffs-appellees, *Walter A. Beers.*

For the defendants-appellants, *Pomerehne, Laible & Kautz* (*Henry Pomerehne,* of counsel).

PER CURIAM.

This is an appeal from a judgment recovered by the several plaintiffs against the defendants in an action tried at the Essex County Court of Common Pleas.

The plaintiffs were all passengers in an automobile proceeding easterly along the Lincoln highway at Fallsington, Pennsylvania. The defendant Max Fabricant was driving an automobile belonging to the defendant Joseph Purpis with Isidore Penn as a passenger. From the testimony, it appears that the state highway, in this vicinity, is a concrete road with two lanes for driving, one easterly, the other westerly, each about ten feet in width. There was a collision, the incident

occurring between midnight and one o'clock in the morning on April 18th, 1932.

From the testimony offered on behalf of the plaintiffs, the jury might legitimately have concluded that the car in which the plaintiffs were riding was proceeding easterly at a moderate speed and that close behind it was another automobile driven by O'Meara, who appeared as a witness in the case in behalf of the plaintiffs, and that the defendant's car, driven by Fabricant, going in the same direction, pulled out from behind these two cars and passed the O'Meara car and the plaintiff's car as well, at a speed of fifty-five miles an hour; that this defendant's car, after having passed these two automobiles at a high rate of speed, continued on the left side of the road for some distance when it collided with a car driven in the opposite, or westerly direction, so that the left front wheel of the defendant's car and the left front wheel of the oncoming car, owned by one Powell, were demolished, the Powell car crashing into the automobile in which the plaintiffs were riding, overturning it and causing injury to these plaintiffs. This was the picture disclosed by the testimony of the witnesses, and which the jury might take as the facts.

From the judgments entered on the verdicts found by the jury, the defendants below appeal setting up three main points.

The first ground of appeal, namely, that the trial court erred in rejecting defendants' motion for nonsuit is predicated on the proposition, first, that there was no evidence that the defendants were guilty of negligence and, second, that the evidence did not show that the negligence was the proximate cause of the injury.

It will serve no useful purpose to set forth the evidence in the case, pointing out with particularity incidents that spell negligence on the part of the defendants below except to say that the testimony is replete with recitals that make manifest the negligent operation of the defendant's automobile which justified the jury in finding—as apparently it did find—that the fault lay with the defendants and, further, that this negligence was the proximate cause of the injuries sustained by the plaintiffs.

Before the trial judge may enter a judgment of nonsuit on defendant's motion where the action is predicated on defendant's negligence, it must conclusively appear that the defendant was not negligent or that the negilgence, if it existed, did not cause the damage that is the subject of the suit. The evidence presented makes both those elements in this case questions for the jury.

The next ground of appeal charges that the trial court erred in refusing to direct a verdict against the plaintiffs below and in favor of the defendants for the same reasons discussed above plus the additional one that the plaintiffs were bound by an exhibit in the case, which exhibit consists of a complaint filed in the United States District Court for the eastern district of Pennsylvania, charging Powell, who, it will be remembered, was the driver and owner of the automobile traveling westerly, which collided first with the automobile of the defendant before crashing into plaintiffs' car. It appears that the plaintiffs, at the trial of this cause, denied signing the affidavit attached to the complaint that was subsequently filed in the United States District Court, in which Powell was named defendant. Mr. Lyon the plaintiff and Alice Lyon, his wife, denied it. We see no merit in this contention. It should be observed that the motion for directed verdict made to the trial court was not predicated on the strength of this exhibit, namely, the verified complaint filed in the United States District Court. Under the circumstances in this case, the exhibit in question goes to the credibility of the witnesses and is for the jury to determine and is not dispositive of any phase of the case as a matter of law. It should also be noted that a *prima facie* case was made out for the plaintiffs by the testimony of O'Meara, who is not an interested witness in any sense.

The third ground of appeal challenges certain portions of the court's charge. These grounds of appeal are not available to the appellants and cannot be considered here for the reason that the appellants did not avail themselves of the opportunity of properly excepting to the court's charge. Counsel, in calling the court's attention to his objection to the charge, merely stated, so far as the record shows, in general language

that he objected to certain statements made by the trial court. He doesn't say why nor does he point out with any particularity the error in the charge delivered by the court to the jury so that the court might have an opportunity, if it was error, to correct it. *Potts* v. *Clarke,* 20 *N. J. L.* 538; *Oliver* v. *Phelps, Ibid.* 180; 21 *Id.* 597; *Klein* v. *Shryer,* 106 *Id.* 432; *Ciccone* v. *Colonial Life Insurance Co.,* 110 *Id.* 276.

The judgment under review will be affirmed, with costs.